STATE ex. PULSKAMP v. MERCER COUNTY COMMISSIONERS.

Ohio Appeals, 3rd Dist., Mercer Co.

No. 404. Decided Apr. 10, 1928.

Before Judges Hughes and Justice. (Crow, J., not participating.)

First Publication of This Opinion.

Syllabus by Editorial Staff.

747. MANDAMUS—1159 Taxes and Assessments.
Extraordinary remedy of mandamus, not afforded under Sect. 2588 and 2589 GC.

Heard of Demurrer.

Demurrer Sustained.

I. F. Raudabaugh, Celina, for State ex.
John W. Loree, Celina, for Co. Comm.

FULL TEXT.

HUGHES, J.
A demurrer in this case was sustained to the petition, and in the minutes of the court, set out upon that ruling, it was stated that Sections 2588 and 2589, General Code, did not provide a remedy for the recovery of assessments paid, as alleged in the petition. It was further stated that even though the averment of the judgment in the test case referred to in the petition, was set forth in the petition, it would not afford a remedy by mandamus in favor of plaintiff.

The amended petition sets forth substantially the same averments that are contained in the petition and also additional averments setting forth that there had been a test case filed to determine the validity of the assessments made against another property owner's land situated similarly to the plaintiff.

We have carefully examined the able and exhaustive briefs filed in this case on behalf of the plaintiff, and if this were an action to recover back payments made by plaintiff on account of an illegal assessment, the force of plaintiff's argument would be apparent. But he seeks in this action, by the extraordinary remedy of mandamus, to recover upon the theory that it is afforded him under Sections 2588 and 2589 of the General Code.

An examination of these sections of the code will show clearly that they are for the purpose of requiring the auditor and the commissioners to make corrections on the tax duplicate, of errors that have crept in and to refund to individuals who have by error paid money into the county treasury that they should not have paid.

There are no errors averred in the plaintiff's petition such as contemplated by these statutes. He seeks in this action to show that the assessments that were actually made, were made without any authority in law and are therefore void. And by his own argument he shows that he has a clear and adequate remedy at law afforded him to recover back the money so paid by him.

The demurrer to the amended petition is therefore sustained and unless plaintiff desires to plead further, the petition is dismissed.